ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAN 31 2007

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

BELINDA SAUNDERS,                    )
                                     )
            Plaintiff,               )        CIVIL ACTION
                                     )        FILE NO. _____
v.                                   )        **1: 07 - CV - 0282**
                                     )
EMORY HEALTHCARE, INC.,              )
                                     )
            Defendant.               )

## NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW Defendant Emory Healthcare, Inc. ("Emory" or

"Defendant"), pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1331, and files this

Notice of Removal of Civil Action. In support of its Notice, Defendant states the

following:

1.

On or about December 26, 2006, Plaintiff Belinda Saunders (hereinafter

"Plaintiff") filed a Complaint (hereinafter "Complaint") in the Superior Court for

DeKalb County, captioned Belinda Saunders v. Emory Healthcare, Inc., Case No.

06-CV-14547-2. (A true and correct copy of the Complaint is attached hereto as

Exhibit A). Plaintiff's Complaint alleges violations of Title VII of the Civil Rights

Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. ("Title

VII"), as well as violations of 42 U.S.C. § 1981 (Complaint, ¶¶ 4, 5). Plaintiff's Complaint raises only federal causes of action and no claims arising under state law. Defendant first received service of Plaintiff's Complaint on or about January 4, 2007. (True and correct copies of the Summons and Notice of Service of Process are attached hereto as Exhibit B).

2.

This Notice of Removal is filed within thirty (30) days of service of the state court action and is therefore timely under 28 U.S.C. § 1446(b).

3.

As discussed below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1441(a) and (b), and removal is therefore proper.

4.

In her Complaint, Plaintiff alleges that Defendant discriminated against her based on her race and subjected her to a hostile work environment in violation of Title VII and § 1981. (See Exhibit A at ¶¶ 31-45). Plaintiff also alleges that Defendant subjected her to unlawful retaliation in violation of Title VII and § 1981. (See Exhibit A at ¶¶ 46-52).

2

5.

Because Plaintiff has asserted causes of action for alleged violations of Title VII and § 1981, federal question jurisdiction may be invoked and this case is removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 (a) and (b).

6.

As of the date of this filing, no other process, pleadings or orders have been filed with the state court, and no motions are pending before the state court.

7.

Venue lies in this Court because Plaintiff's action is pending in this district and division. See 28 U.S.C. § 1441(a).

8.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit C), together with a copy of this Notice shall be filed with the Clerk of the state court and shall be served on Plaintiff.

WHEREFORE, Defendant prays that this action be removed from the Superior Court of DeKalb County to the United States District Court for the Northern District of Georgia and requests that this Court assume full jurisdiction over the case herein as provided by law.

This **31**<sup>st</sup> day of January, 2007.

DUANE MORRIS LLP

John S. Snelling
Georgia Bar No. 665759
Toni J. Read
Georgia Bar No. 140982

1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Attorneys for Defendant

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this Notice complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that this Notice has been typed in Times New Roman 14 count.

John S. Snelling

# EXHIBIT A

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

BELINDA SAUNDERS,                  *        CIVIL ACTION
                                   *        FILE NO. O6CV14547-C
        PLAINTIFF,                 *
                                   *
VS.                                *
                                   *
EMORY HEALTHCARE, INC.,            *
                                   *
        DEFENDANT.                 *

## C O M P L A I N T

Comes now Belinda Saunders, hereinafter referred to as ("Plaintiff") and files this her

suit for damages and equitable relief against Emory Healthcare, Inc., hereinafter referred to as

("Defendant") and shows unto the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Emory Healthcare, Inc., is a domestic non-profit corporation registered to do

business in the State of Georgia with a principle office address of 201 Dowman Drive, N.E.,

Atlanta, Georgia 30322, and a registered agent, Jane E. Jordan, who can be served at 201

Dowman Drive, N.E., 101 Administrative Building, Atlanta, Georgia 30322.

3.

Jurisdiction and venue are proper in this Court.

4.

This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991 and 42. U.S.C. §1981.

5.

The jurisdiction of this Court  is invoked to secure protection of and redress deprivation of rights secured under Title VII and  42 U.S.C. §1981 providing for injunctive and other relief against race discrimination, racial harassment and retaliation in employment.

6.

The Plaintiff is an African American female, a citizen of the United States, and a resident of the State of Georgia.   Plaintiff began working for the Defendant in their emergency room department on or about February of 1997, and remains employed there today.

7.

The Defendant is an entity subject to suit under Title VII and 42 U.S.C. §1981.

8.

Plaintiff timely filed her claim with the EEOC on August 24, 2005 and amended her claim on March 24, 2006.

9.

The EEOC determined that there was reason to believe that violations had occurred and issued its Notice of Suit Rights on September 29, 2006.  This Complaint is timely filed.

## FACTS

10.

The Plaintiff has been an emergency room nurse for more than thirty years and has been employed by the Defendant in the emergency room department for almost ten years.  As an

employee of the Defendant the Plaintiff has worked as a Level 3 Nurse Clinician, a Level 4 Nurse Clinician, a Charge Nurse, the In Service Educator, the Residency Program Educator and Acting Nurse Manager.

11.

In October of 2004 the Plaintiff was asked to switch her shift and to assume the position of Acting Nurse Manager.

12.

The Plaintiff was asked to assume that position and those responsibilities until the previous nurse manager might return to work after an accident.  The previous Nurse Manager never did return to her position.

13.

The Plaintiff began her responsibilities as the Acting Nurse Manager in October, 2004.

14.

Even though the Plaintiff was serving as the Acting Nurse Manager the Director of Nursing for the emergency department, Marilyn Margolis, (a white female) refused to communicate with the Plaintiff and only communicated with a white nurse, Megan Sampsel. Ms. Sampsel was a new nurse who lacked the experience or seniority of the other African American nurses in the emergency room department.

15.

Defendant allowed Ms. Sampsel to direct the work of the African American nurses with more experience and seniority including the Plaintiff who was the Acting Nurse Manager.

16.

Ms. Sampsel was also receiving more favorable assignments than the other African American nurses including the Plaintiff.

17.

The Plaintiff complained to Ms. Margolis of the acts of discrimination and expressed her opinion that Ms. Sampsel as a white female was being given preferential treatment to not only the Plaintiff but the other African American nurses.

18.

Without first notifying the Plaintiff, the Plaintiff's name was taken off the schedule for the emergency room department and Ms. Sampsel was placed on the schedule and listed as holding the position of Emergency Department Nursing Director.

19.

The Plaintiff again complained to Ms. Margolis of this discrimination and Ms. Sampsel being given the title of Emergency Department Nursing Director.

20.

A few days after complaining for a second time, the Plaintiff was informed by Alicia Addington (white female), the Emergency Department Nurse Director, that the Defendant would post a job opening for the position of Acting Nurse Manager.

21.

Plaintiff applied for the position of Acting Nurse Manager and was the individual with the highest credentials including years of experience, seniority at the hospital, education, etc. Plaintiff had already spent 9 months in the position. However, the position was given instead to Ms. Sampsel. Later Ms. Sampsel was in effect given the position of Department Director and

Clinical Nurse Manager even though those positions were never posted as required by internal policy of the Defendant.

22.

In the past the Plaintiff has been passed over for the positions of Education Coordinator for the Emergency Department in which the job was given to Paula Funderburk, (a white female).

23.

The Defendant has violated its policies and procedures in its process for giving promotions and filling job vacancies and has done so in order to award jobs to less qualified white employees over more highly qualified and experienced African American employees.

24.

Plaintiff shows that the emergency department's upper management positions are completely lacking in diversity and that the hospital has a pattern and practice of hiring less qualified white employees with less experience than the more highly qualified African American employees with more experience.

25.

Plaintiff shows that white employees are paid a higher salary for performing the same job as the Plaintiff and other African American employees and there is a pattern and practice of paying black nurses in the emergency department less than white nurses.

26.

On August 24, 2005, the Plaintiff filed a charge of employment discrimination and retaliation with the Equal Employment Opportunity Commission. Before that time Plaintiff had made several complaints directly to Defendant's administration of discrimination. Shortly

thereafter and up until the present the Plaintiff has been subjected to retaliation, harassment, discrimination, and disparate terms and conditions of employment

27.

The Plaintiff has been prevented from precepting nursing students or new nurses. The Plaintiff has been relieved of her charge nurse duties and her holiday rotation schedule and shift schedules have been changed.

28.

The Plaintiff has been called into disciplinary meetings with the emergency department upper management and has received verbal counseling which require her to attend "person to person communications" class.

29.

These actions by the Defendant causes the Plaintiff to be ineligible for and denies her nursing privileges, job benefits, the ability to apply for future transfers and promotional opportunities and denies her future salary range and yearly pay raises.

30.

The Plaintiff has been discriminated against because of her race (African American) in retaliation for her making and filing proper and justifiable complaints for racial discrimination. and for opposing unlawful discriminatory employment practices, and for participating in an investigation in violation of Title VII of the Civil Rights Act.

## CAUSES OF ACTION

**A.     COUNT I – RACIALLY HOSTILE WORK ENVIRONMENT**

31.

The Plaintiff realleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set forth in specific detail herein below.

32.

During the course of her employment, the Plaintiff was continuously subjected to a racially hostile work environment.

33.

The Defendant was aware of this hostile and abusive environment and refused to take appropriate remedial action.

34.

The Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate remedial action.

35.

The Defendant is vicariously liable for the conduct of the employees and supervisors that harassed the Plaintiff.

36.

The Defendant took a tangible employment action against the Plaintiff by denying her promotion and taking disciplinary actions against her, including verbal and written reprimands and by giving her unjustified poor performance evaluations.

37.

Said racial harassment was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

38.

Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

39

The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B.    COUNT II – RACIAL DISCRIMINATION

40.

The Plaintiff realleges and incorporates by reference paragraphs 1 through 37 above with the same force and effect as if fully set out in specific detail herein below.

41..

During her employment, Defendant discriminated against Plaintiff because of her African American race by discriminating against her in wages, promotions, training, demotions, overtime, job assignments and other terms, conditions and privileges of her employment.

42.

The Defendant's articulated reasons for these actions are not legitimate.

43.

Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

44.

The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, declaratory judgment, injunctive relief and compensatory and punitive damages is her only means of securing adequate relief.

45.

The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## C.   COUNT III - RETALIATION

46.

The Plaintiff realleges and incorporates by reference paragraphs 1-43 above with the same force and effect as if fully set out in specific detail herein below.

47.

The Plaintiff complained to management that she was being racially harassed.

48.

The Plaintiff filed an EEOC charge against the Defendant.

49.

In response to Plaintiff's opposing discrimination and engaging in protected activity the Defendant retaliated against Plaintiff in job assignments, promotions, wages, scheduling and other terms, conditions and privileges of employment.

50.

Said retaliation was done intentionally, maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

51.

The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, declaratory judgment, injunctive relief and compensatory and punitive damages is her only means of securing adequate relief.

52.

The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## PRAYERS FOR RELIEF

The Plaintiff prays that this Court assume jurisdiction of this action and after trial:

(1)     Issue a declaratory judgment of the employment policies, practices, procedures, conditions and customs of the Defendant violate the rights of the Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq. and 42 U.S.C. §1981.

(2)     Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981.

(3)     Enter an Order requiring the Defendant to make the Plaintiff whole by awarding her the position she would have occupied in the absence of race discrimination and retaliation by awarding her back pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory and punitive damages and post judgment interest.

(4)     The Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys fees, and expenses.

(5)     Plaintiff demands a trial by jury.

**WALDREP, MULLIN & CALLAHAN, LLC**

BY: _____
Neal J. Callahan
State Bar No.:   104551
P. O. Box 351
Columbus, GA 31902
(7060 320-0600

# EXHIBIT B

Civil Action No. _____

Date Filed _____

**Superior Court** ☐

**State Court** Dekalb ☐

Georgia, MUSCOGEE COUNTY

---

**Attorney's Address**

Neal J. Callahan
P. O. Box 351
Columbus, GA   31902

Belinda Saunders
_____ **Plaintiff**

**VS.**

Emory Healthcare, Inc.
_____

**Name and Address of Party to be Served**

Emory Healthcare, Inc. by serving
its Registered Agent:  Jane E. Jordan
201 Dowman Drive, N.E.,
101 Administrative Building
Atlanta, GA  30322

_____ **Defendant**

_____ **Garnishee**

---

## SHERIFF'S ENTRY OF SERVICE

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

---

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

---

✗ Served the defendant *Emory Healthcare, Inc.* a corporation
by leaving a copy of the within action and summons with *Jane E. Jordan R/A*
in charge of the office and place of doing business of said Corporation in this County.

---

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

---

☐ Diligent search made and defendant
not to be found in the jurisdiction of this Court.

---

This ____4th____ day of ____January____, 20 07

_____
DEPUTY

SHERIFF DOCKET_____  PAGE _____

_____
MUSCOGEE COUNTY, GEORGIA
Dekalb

WHITE: Clerk     CANARY: Plaintiff Attorney     PINK: Defendant

SC-2 Rev.85

## IN THE SUPERIOR/STATE COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

BELINDA SAUNDERS

_____

_____

_____

                                    **PLAINTIFF**

            **VS.**

EMORY HEALTHCARE, INC.,

_____

_____

_____

                                    **DEFENDANT**


## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

            Neal J. Callahan
            Waldrep, Mullin & Callahan, LLC
            P. O. Box 351
            Columbus, GA   31902

an answer the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____26th_____ day of _____Dec_____, 20_06_.


                        **Clerk of Superior/State Court**


                    By _____John A Berta_____
                            **Deputy Clerk**


Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

ST-1 Rev. 85

# EXHIBIT C

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

BELINDA SAUNDERS,                          )
                                           )
      Plaintiff,                   )
                                           )
v.                                         )
                                           )
EMORY HEALTHCARE, INC.,                    )   CIVIL ACTION FILE
                                           )   NO. 06-CV-14547-2
                                           )
      Defendant.                   )
                                           )
                                           )
_____    )

### <u>NOTICE THAT ACTION HAS BEEN REMOVED TO FEDERAL COURT</u>

TO THE HONORABLE JUDGES OF THIS COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446,

Defendant Emory Healthcare, Inc. hereby notifies this Court that it has this day removed this

action to the United States District Court for the Northern District of Georgia. A copy of the

Notice of Removal filed in the United States District Court for the Northern District of Georgia

is attached hereto as Exhibit A.

This Court is respectfully requested to proceed no further in this action unless and until

such time as the action may be remanded by order of the United States District Court for the

Northern District of Georgia.

This 31 day of January, 2007.

                                      DUANE MORRIS LLP

                                      John S. Snelling
                                      Georgia Bar No. 665759
                                      Toni J. Read
                                        Georgia Bar No. 140982

DM2\923292.1

1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Attorneys for Defendant

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

BELINDA SAUNDERS,                              )
                                               )
                    Plaintiff,                 )
                                               )
v.                                             )
                                               )   CIVIL ACTION FILE
EMORY HEALTHCARE, INC.,                        )   NO. 06-CV-14547-2
                                               )
                    Defendant.                 )
                                               )
                                               )
_____)


## CERTIFICATE OF SERVICE

This is to certify that I have this day served Plaintiff with the foregoing **NOTICE THAT**

**ACTION HAS BEEN REMOVED TO FEDERAL COURT** by depositing a copy of same in

the United States Mail, with adequate postage thereon, properly addressed as follows:


                    Neal J. Callahan
                    Waldrep, Mullin & Callahan, LLC
                    P.O. Box 351
                    Columbus, GA 31902


This 31st day of January, 2007.

                                   John S. Snelling
                                   Georgia Bar No. 665759


DM2\923292.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELINDA SAUNDERS,        ) | |
|        ) | |
|        Plaintiff,        ) | CIVIL ACTION |
|        ) | FILE NO. _____ |
|        ) | |
| v.        ) | |
|        ) | |
| EMORY HEALTHCARE, INC.,        ) | |
|        ) | |
|        Defendant.        ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** was served upon counsel for Plaintiff via first-class mail, postage prepaid, and addressed as follows:

Neal J. Callahan
Waldrep, Mullin & Callahan, LLC
P.O. Box 351
Columbus, GA 31902

This _31st_ day of January, 2007.

_____
John S. Snelling

Attorney for Defendant

DM2\923230.1