## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BELINDA SAUNDERS,

                Plaintiff,

      v.                              **1:07-CV-00282-WSD-GGB**

EMORY HEALTHCARE, INC.,

                Defendant.

## OPINION AND ORDER

Plaintiff Belinda Saunders ("Plaintiff"), an African-American female, alleges racial discrimination and retaliation against her employer Defendant Emory Healthcare, Inc. ("Defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended ("Title VII").  Plaintiff seeks damages from Defendant for allegedly being subjected to a racially-hostile work environment and for having been discriminated against in wages, training, promotions, and job assignments.  She also alleges retaliation by Defendant after she opposed the claimed discrimination and engaged in allegedly protected activities.  Plaintiff and Defendant are currently engaged in a protracted discovery dispute.  The matter is before the Court on the following motions filed by Plaintiff:  Plaintiff's Objection to Magistrate Judge's Orders and Motion for Judicial Review/De Novo Review

and Motion to Stay [56 & 58], Motion for Recusal [57], Motion for Leave to File

Amended Complaint [62 & 72], Motion for Leave to File Motion for

Reconsideration and Motion to Set Aside Order and Motion for Relief [74 & 77],

Motion to Compel Discovery [78 & 86], and Motion for Expedited Rulings [92].

The matter is also before the Court on Defendant's Motion to Dismiss [82].

## I.   FACTUAL BACKGROUND

Plaintiff filed this suit in the Superior Court of DeKalb County, Georgia on

December 26, 2006.  Defendant removed the case to this Court on January 31,

2007.  Under the Court's local rules, discovery matters in this case were referred to

Magistrate Judge Brill.[1]  Magistrate Judge Brill entered a scheduling order in this

case on March 27, 2007, establishing a discovery period ending on July 9, 2007.

On May 22, 2007, Plaintiff communicated *ex parte* with Magistrate Judge

Brill, complaining about the performance of her initial attorney, Neal Callahan of

Waldrep, Mullin & Callahan.  Magistrate Judge Brill informed Plaintiff that *ex*

*parte* communications are normally inappropriate, and Judge Brill suggested that

---

[1] Plaintiff complains repeatedly that she did not consent to having her case
heard by a federal Magistrate Judge. The Court is empowered and well within its
discretion to refer non-dispositive pretrial matters to a Magistrate Judge.  Fed. R.
Civ. P. 72(a); LR 72.1A, ND Ga.  Review of a Magistrate Judge's orders on non-
dispositive motions is governed by Federal Rule 72(a).

Plaintiff contact the State Bar of Georgia regarding any disputes she had with her counsel.

The parties filed a joint motion to extend discovery on June 25, 2007, which Magistrate Judge Brill granted on June 26, 2007, extending discovery to October 9, 2007.

On June 26, 2007, Plaintiff terminated her representation by Mr. Callahan. Curtis Williams of Molden, Holley, Fergusson, Thompson & Heard began representing Plaintiff the next day.

On August 31, 2007, Plaintiff suffered what she characterized as a mild stroke.

On September 17, 2007, Defendant noticed Plaintiff's deposition for September 27, 2007.  Defendant filed a second notice for deposition on September 25, 2007, amending Plaintiff's deposition date to October 1, 2007.

On October 1, 2007, the parties filed a joint motion to extend discovery. Magistrate Judge Brill granted the motion on October 3, 2007 and extended discovery to November 23, 2007.

On October 9, 2007, Plaintiff's second counsel moved to withdraw with Plaintiff's consent. Magistrate Judge Brill granted the withdrawal on October 23, 2007. Plaintiff is currently proceeding *pro se*.

Also on October 9, 2007, Plaintiff moved for a third extension of the discovery period. Magistrate Judge Brill denied the extension on October 19, 2007.

On October 12, 2007, Defendant filed a third notice of Plaintiff's deposition, scheduled for October 23, 2007.

On October 19, 2007, Plaintiff moved for a protective order requesting that her deposition be postponed to after November 15, 2007. Plaintiff supported her motion by stating that she was receiving neurological care because of her recent stroke, and she attached a doctor's note stating that she should be excluded from work or overtime until November 15, 2007.[2]

On October 26, 2007, Defendant responded that Plaintiff's motion for a protective order was mooted by the parties' agreement to postpone Plaintiff's deposition until after November 12, 2007.

---

[2] See [39] Exh. A. Plaintiff's original doctor's note does not specify whether Plaintiff can attend an oral deposition.

-4-

Also on October 26, 2007, Plaintiff moved for reconsideration of Magistrate Judge Brill's denial of Plaintiff's motion to extend the discovery period.

On November 14, 2007, Defendant noticed Plaintiff's deposition a fourth time, scheduled for November 21, 2007.

On November 16, 2007, Plaintiff filed a second motion for a protective order, attaching a neurologist's letter stating that her health status prohibited her from returning to "work/school" until January 1, 2008.  [46] Exh. A.  Plaintiff sought a protective order requiring Defendant to take her deposition by written question.  See Fed. R. Civ. P. 31(a).

On November 20, 2007, Magistrate Judge Brill denied Plaintiff's motions for a protective order, motion to file excess pages, and motion for reconsideration. Magistrate Judge Brill's Order noted that the doctor's note submitted by Plaintiff did not specify that Plaintiff could not take an oral deposition, and Plaintiff had shown no other reason why she should be entitled to deposition by written question.

Also on November 20, 2007, Defendant moved to extend discovery based on Plaintiff's health conditions.  Magistrate Judge Brill granted the motion and extended discovery to January 25, 2008.

On November 21, 2007, Plaintiff failed to appear for her scheduled deposition.

On December 3, 2007, Plaintiff objected to the Magistrate Judge's Orders dated November 20 and 21, 2007 [56 & 58].[3]  Plaintiff also moved for Magistrate Judge Brill's recusal [57].

On January 2, 2008, Plaintiff moved to amend her complaint [62 & 72].[4]

On January 4, 2008, Defendant filed a fifth notice to depose Plaintiff, scheduling the deposition for January 24, 2008.  Plaintiff failed to appear for this deposition.

On January 24, 2008, Plaintiff filed a second motion for reconsideration of Magistrate Judge Brill's Orders on November 20 and 21, 2007 [77].  Plaintiff also moved to compel discovery from Defendant [78 & 86].

---

[3] Plaintiff appears to have filed several of her motions and objections more than once.  The Court has attempted to consolidate separate briefs into cogent arguments in support of her various motions.  Several of the documents she filed twice appear to be, in fact, one motion.

[4] Plaintiff submitted a corrected version of her proposed amended complaint on January 7, 2007 [72].  The Court has utilized the corrected version in ruling on Plaintiff's Motion to Amend.

On January 25, 2008, Defendant moved to dismiss Plaintiff's complaint based upon Plaintiff's failure to cooperate with discovery and failure to appear at depositions scheduled for November 21, 2007 and January 24, 2008.

On February 4, 2008, Plaintiff moved for expedited rulings on her pending motions [92].

## II.   ANALYSIS

### A.   <u>Review of the Magistrate Judge's Orders</u>

Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); <u>see also</u> 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard).  "Clear error is a highly deferential standard of review.  As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>Holton v. City of Thomasville Sch. Dist.</u>, 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted).  The standard for overturning a Magistrate Judge's

order is "a very difficult one to meet."  Thornton v. Mercantile Stores Co., Inc.,
180 F.R.D. 437, 439 (M.D. Ala. 1998) (internal quotation marks omitted).

Upon review of Magistrate Judge Brill's November 20 and 21 Orders, the
Court cannot say that a clear error was committed.  Magistrate Judge Brill correctly
denied Plaintiff's motions for a protective order.  At the time of the November 20
Order, Plaintiff had presented Magistrate Judge Brill only with a neurologist's note
requesting that Plaintiff perform "no ER work or overtime" before November 15,
2007, and that Plaintiff "may teach only." [39] Exh. A (emphasis in original).  The
neurologist's note said nothing about Plaintiff's ability to sit for an oral deposition.
Magistrate Judge Brill also correctly noted that the discovering party generally is
entitled to pursue the discovery method of its choice, and that oral deposition is
generally the broadest and most-effective means of deposition.  Magistrate Judge's
Brill's conclusions were not clearly erroneous.  As for Plaintiff's motion to
reconsider Magistrate Judge Brill's denial of her motion to extend discovery, that
motion was mooted by Magistrate Judge Brill's extension of the discovery period
through January 25, 2008.

Having found that Magistrate Judge Brill's conclusions were not clearly erroneous or contrary to law, Plaintiff's Objections to the Magistrate Judge's Orders and Motions to Reconsider [56 & 58, 74 & 77] are overruled.[5]

## B.     Motion for Recusal

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In determining whether to grant a motion for recusal, the Court must evaluate "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (internal quotation marks omitted).  "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.  The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case."  Id. (internal citations omitted).

_____

[5] Plaintiff appears to have filed her Objections to the Magistrate Judge's November 20 and 21 Orders four separate times.  The Court examined each filing and found that Plaintiff seeks the same  review of the Magistrate Judge's Orders with each filing.  All of the objections are improvident, and all are overruled.

Plaintiff moves for Magistrate Judge Brill's recusal on three bases: (1) the denial of Plaintiff's two motions for a protective order; (2) that Judge Brill has not "investigated" three law firms that have been involved in this case; and (3) that on November 21, 2007, Judge Brill granted the Defendant's motion to extend discovery. These bases do not justify recusal. The Court has already determined that Magistrate Judge Brill's decision to deny the protective order was correct, and even if it were not, a judge's orders in a case, even if ultimately overturned, normally do not create bias sufficient to justify recusal. As for allegations of misconduct by Plaintiff's former counsel, Magistrate Judge Brill appropriately referred Plaintiff to the State Bar of Georgia and notified Plaintiff that *ex parte* communications with the Court normally are prohibited. The Court has also examined the substance of Plaintiff's allegations of misconduct by the lawyers who have withdrawn from representing her. The Court finds that there is nothing in the record to indicate any misconduct by those lawyers warranting the Court's intervention in this dispute between a client and her attorneys.

Finally, Plaintiff complains of Magistrate Judge Brill's decision to grant the Defendant's motion to extend discovery the day after denying Plaintiff's motion to extend. On October 19 2007, Magistrate Judge Brill denied Plaintiff's original

motion to extend because two extensions had been granted and discovery was not set to expire for another month.  Plaintiff moved for Judge Brill to reconsider that Order, and, finding no new information which would require an extension, Magistrate Judge Brill correctly denied reconsideration.  The same day, Defendant moved to extend discovery, specifically to give Plaintiff time to recover from her stroke.  Magistrate Judge Brill granted the Defendant's request.  The Court's review of the record indicates that Judge Brill has displayed impartiality and has been extraordinarily lenient in extending discovery in this case.  Several significant extensions have occurred through **joint** motions of the parties and to accommodate Plaintiff's problems with counsel and health concerns.  If anything, Judge Brill has favored Plaintiff by repeatedly extending discovery to accommodate Plaintiff's claimed past inability to sit for deposition.  Plaintiff's allegations do not support any bias or prejudice against her, and her motion for recusal is denied.

### C.   Plaintiff's Motion to Amend

Federal Rule of Civil Procedure 15(a) provides:

> (1)  Amending as a Matter of Course.  A party may amend its pleading once as a matter of course:
>
> (A)  before being served with a responsive pleading; or

(B)  within 20 days after serving the pleading if a
responsive pleading is not allowed and the action is not
yet on the trial calendar.

(2)  Other Amendments.  In all other cases, a party may
amend its pleading only with the opposing party's written
consent or the court's leave. The court should freely give
leave when justice so requires.

"Although leave to amend shall be freely given when justice so requires, a
motion to amend may be denied on numerous grounds such as undue delay, undue
prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of
Regents, 342 F.3d 1281, 1287 (11th Cir. 2003); accord Foman v. Davis, 371 U.S.
178, 182 (1962).

The Court is also required to enter a scheduling order in its cases.  Fed. R.
Civ. P. 16(b)(1).  "The scheduling order must limit the time to join other parties,
amend the pleadings, complete discovery, and file motions." Id. 16(b)(3)(A).  The
schedule may be modified "only for good cause and with the judge's consent."  Id.
16(b)(4).  The "good cause" standard for modification of a scheduling order
"precludes modification unless the schedule cannot be met despite the diligence of
the party seeking the extension."  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418
(11th Cir. 1998).  In cases where a plaintiff seeks leave to amend the complaint

outside of deadlines set in the scheduling order, the plaintiff must show "good cause" for the Court to modify its order and allow amendment.  Id. at 1419; Alexander v. AOL, 132 F. App'x 267, 269 (11th Cir. 2005) (affirming district court's denial of motion to amend filed seven weeks after deadline set in the scheduling order).

The Scheduling Order in this case provides that "[a]mendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law." [5] at 7, [9].  The parties filed their Preliminary Report and Discovery Plan on March 2, 2007, making April 2, 2007 the deadline for any amendments.  Plaintiff's amendment was untimely.

Plaintiff's amended complaint seeks to (i) add several individual defendants, (ii) assert certain new factual allegations, and (iii) add a new claim for intentional infliction of emotional distress.  Plaintiff has not identified any legitimate reason for her nine-month delay in seeking to amend her complaint.  The Court is lenient toward *pro se* litigants and freely grants amendments to pleadings.  The Defendant is also entitled to know, sufficiently in advance, what is claimed against it.  Plaintiff argues that her delay in filing was because her two former attorneys

dallied in not filing the amendments she requested.  Even if that were true, and
Plaintiff has proffered nothing but argument and conjecture that it is, Plaintiff and
her attorneys are not exempted from the clear filing deadlines set in the Court's
Scheduling Order.  The Court sometimes approves amended pleadings submitted
within a few days or weeks after the deadline, e.g., Saulsberry v. Morinda, Inc.,
No. 1:07-cv-1542-WSD [44], but Plaintiff here missed her deadline by nearly a
year.  Plaintiff's motion to amend is denied.[6]

### D.   Discovery Motions

The remaining motions for consideration are Plaintiff's Motion to Compel
[78 & 86] and Defendant's Motion to Dismiss [82].

Discovery in this case has gotten well off the track which applies in civil
litigation before this Court.  The majority of the delays arise from the problems
Plaintiff has experienced with counsel and from the consequences of her stroke in

---

[6] Even if Plaintiff had filed her amendment on time, Plaintiff would not be
permitted to join the individual defendants in her Title VII claims.  There is no
individual liability for claims under Title VII.  Busby v. City of Orlando, 931 F.2d
764, 772 (11th Cir. 1991); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995).
Plaintiff has argued that, if permitted to amend her complaint, she would re-amend
those claims against the individuals as racial discrimination claims under 42 U.S.C.
§ 1981.  The Court need not address that argument, however, because it determines
to deny the amendment as untimely.

August 2007.  Plaintiff has repeatedly refused to appear to be deposed.  Plaintiff also argues that the Defendant has engaged in abusive discovery practices and has not complied with its obligations under the Federal Rules,[7] and thus she should not be held to the applicable discovery rules.  This dispute must be resolved, and discovery must be concluded.

Accordingly, the Court orders the parties to appear for a hearing on the Motion to Compel and Motion to Dismiss, as set forth below.  The parties shall be prepared to discuss what, if any, discovery remains to be taken and the approximate time required to complete each remaining discovery event or procedure.  Plaintiff is specifically ordered to be prepared to discuss her current state of health as it relates to sitting for an oral deposition, and she shall provide a doctor's evaluation of her ability to be deposed and shall suggest any condition which the Court should consider imposing on Plaintiff's deposition (e.g., maximum length, one break every hour, etc.).  Plaintiff is also advised that failure to appear at the hearing without advance notice to the Court and good cause to

---

[7] Plaintiff's brief in support of her Motion to Compel [86] is an astonishing 107 pages in length.  The Court's local rules establish a 25-page limit for most briefing, absent prior approval from the Court.  LR 7.1D, ND Ga.  Plaintiff is reminded of the 25-page limit and that the Court can decline to consider briefs exceeding the page limitation.  <u>Id.</u> 7.1F.

continue the hearing may result in dismissal of this case for want of prosecution. LR 41.3A(2), ND Ga.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objection to Magistrate Judge's Orders and Motion for Judicial Review/De Novo Review and Motion to Stay [56 & 58], Motion for Recusal [57], and Motion for Leave to File Motion for Reconsideration and Motion to Set Aside Order and Motion for Relief [74 & 77] are **DENIED** and **OVERRULED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [62 & 72] is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Motion for Expedited Rulings [92] is **DENIED AS MOOT**.

The Court defers ruling on Plaintiff's Motion to Compel Discovery [78 & 86] and on Defendant's Motion to Dismiss [82].

**IT IS HEREBY FURTHER ORDERED** that Plaintiff and Defendant shall appear for a hearing on Plaintiff's Motion to Compel Discovery [78 & 86] and Defendant's Motion to Dismiss [82] on Thursday, March 13, 2008, at 9:30 a.m., in

Courtroom 1705, United States District Court, 75 Spring Street, SW, Atlanta,

Georgia 30303.

      **SO ORDERED** this 21st day of February 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE